Karen Lou MOORE, Respondent,

v.

JOHN E. BLOMQUIST, INC., et al., Appellants.

No. 46787.

Supreme Court of Minnesota.

July 15, 1977.

Doherty, Rumble & Butler and Bruce E. Hanson, St. Paul, for appellants.

Patrick R. Sweeney, St. Paul, for respondent.

PER CURIAM.

Defendant corporation, through its defendant agents and employees, agreed to rent an apartment to plaintiff, Karen Lou Moore, on a month-to-month tenancy and accepted plaintiff's downpayment. Defendants thereafter breached the contract by renting the premises to another person, who entered into occupancy of the apartment. Defendants refunded to plaintiff her deposit.

The trial court, upon its finding of breach of contract, awarded plaintiff $125 in compensatory damages, which is not challenged on this appeal. The trial court, in addition, found that defendants had acted with malice in that they "callously and willfully violated the plaintiff's rights to the benefit of her rental agreement." Based upon this finding, the court awarded plaintiff punitive damages in the sum of $500. *Wild v. Rarig*, 302 Minn. 419, 442, 234 N.W.2d 775, 790 (1975), rejecting a claim for punitive damages based upon bad-faith termination of a contract, held:

"* * * A malicious or bad-faith motive in breaching a contract does not convert a contract action into a tort action. Accordingly, we think that bad-faith termination of contract is not an independent tort of the kind that will permit a tort recovery."

We accordingly reverse so much of the judgment as awards punitive damages but disallow attorneys fees, costs, or disbursements to either party.

Affirmed in part, reversed in part.