Heather MORGAN, a minor, and Jeremiah Morgan, a minor, By and Through their parent and natural guardian, Diane Morgan CHAMBON, and Diane Morgan Chambon, in her own right, Plaintiffs,

v.

Mark CELENDER, an individual, Robert Fryer, an individual, Gannett Publishing Corporation, a corporation, and Valley News Dispatch, a wholly-owned subsidiary of Gannett Publishing Corporation, Defendants.

Civ. A. 89–2183.

United States District Court, W.D. Pennsylvania.

Jan. 10, 1992.

Robert L. Downey, Verona, Pa., for plaintiffs.

Mark A. Willard, Pittsburgh, Pa., Robert C. Bernius, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ZIEGLER, District Judge.

(1) Diane Morgan Chambon filed a diversity action for money damages on her behalf and two minor children, against Gannett Publishing Corp., Valley News Dispatch, a subsidiary of that corporation, and two employees of the newspaper. Jurisdiction is based on 28 U.S.C. § 1332. All parties agree that Pennsylvania law is controlling, except to the extent that the First and Fourteenth Amendments may be implicated.

(2) The complaint and evidence of record advance three theories of tort liability, namely, invasion of privacy involving Heather and Jeremiah Morgan; fraudulent misrepresentation allegedly perpetrated upon Diane Chambon, Heather and Jeremiah; and intentional infliction of emotional distress upon Diane Morgan Chambon, as set forth in Count XIII of the Second Amended Complaint. At this juncture of the trial, we must view the evidence in the light most favorable to the plaintiffs.

(3) Pennsylvania adopted the tort of invasion of privacy, as set forth in Restatement (Second) of Torts, Section 652, in *Vogel v. W.T. Grant Co.*, 458 Pa. 124, 327 A.2d 133 (1974). Here, according to counsel, the plaintiffs are relying on Section 652D, which provides that:

*Publicity Given to Private Life*

One who gives *publicity,* to matters concerning the private life of another, of a kind, highly offensive, to a reasonable man, is subject to liability to the other, for invasion of privacy.

(4) Plaintiffs contend that a reporter for the Valley News fraudulently promised that no names would be used in the publication involving a silhouette picture; that Diane Chandon consented to the picture on this basis; that she justifiably relied on the promise of the reporter; and that she and the children suffered damages as the result of the breach of the promise. Plaintiffs, in part, are relying on the recent decision of the United States Supreme Court of *Cohen v. Cowles Media Co.,* —— U.S. ——, 111 S.Ct. 2513, 115 L.Ed.2d 586 (1991), in which a news company was held responsible for breach of a promise of confidentiality.

(5) Defendants argue, as we understand it, that under common law and, as a matter of federal constitutional law, this court must enter judgment for defendants, assuming that we view the evidence in the light most favorable to the plaintiffs. Defendants also rely on *The Florida Star v. B.J.F.,* 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1988), in which the Court held that publication of the name of the victim of a sexual assault, in violation of a state law, did not subject the news organization to liability for money damages because the right of privacy in that case did not surmount the right of a news organization to publish information lawfully obtained.

(6) The difficult question in this case concerns the application of the evidence viewed in the light most favorable to the plaintiffs, as we must, against *Vogel v. W.T. Grant Co.,* and the common law privilege, and the apparent tension between *The Florida Star* and *Cohen v. Cowles Media Co.*

■ (7) The elements of the tort of intentional misrepresentation (or fraud) must be established by clear and convincing evidence under Pennsylvania law. The elements are:

(A) a misrepresentation;

(B) a fraudulent utterance;

(C) an intention by the maker that the recipient will be induced to act;

(D) justifiable reliance on the misrepresentation; and

(E) damage to the recipient as a proximate result.

*See, Scaife Co. v. Rockwell Standard Corp.,* 446 Pa. 280, 285 A.2d 451, 454 (1971).

■ (8) As we understand the plaintiffs' contentions, the evidence establishes a question of fact to be resolved by the jury concerning whether the defendant corporations, by their employees, and acting within the scope of their employment, invaded the privacy of the minor plaintiffs by promises made by Mark Calender, in the hallway of the Court of Common Pleas of Allegheny County, Pennsylvania, and elsewhere, that the statements of Diane Morgan Chambon were "off the record," and would not be used in an article dated October 28, 1988 concerning Charles Morgan and child abuse. In addition, plaintiffs contend that Diane Chambon was told that a photograph of her and Heather would be a silhouette, and that no names would be used with the picture and article that appeared in the Valley News on October 28, 1988. In fact, the names were provided with the picture, including the statement, "Heather Morgan, a victim of sexual abuse, talks with her mother, Diane." The picture appeared on page one of the paper on October 28, 1988.

(9) We begin by taking judicial notice of the fact that the state court criminal complaint contains the name of Charles Morgan, a former police officer, and the name of Heather Morgan, a minor, as the victim. Morgan had formerly served as the police chief of the New Bethlehem Police Department. We turn now to the question whether the minor plaintiffs have established sufficient facts under *Vogel* of (A) publicity; (B) given to private facts; (C) of kind highly offensive to a reasonable person; and (D) which is not of legitimate concern to the public. 327 A.2d at 136.

(10) Restatement 652D, Comment D at 388 (1977), provides that newsworthy items are included within the scope of matters of

legitimate public concern. Authorized publicity includes publication of matters of genuine popular appeal. Clearly, the prosecution of a former police chief, charged with heinous crimes against a minor meets this test. Sexual abuse of minor children is also a newsworthy item.

(11) The name and age of the victim and the position of Morgan were not private facts, indeed they are part of the elements of the offense. These facts were clearly within the public domain, since they were part of the public record in state court. In addition, Diane Chambon released and re-affirmed the same facts to defendants and others, and the information was not private.

■ (12) While the facts of the crime are offensive to a reasonable person in the abstract, they constitute the elements of the offense, and the news media has the right to publish such items, even if a reporter promises that such additional facts, not of record, would be "off the record." The law provides that anyone who desires to discuss matters of public concern with a reporter does so at his or her peril that the matter may be published.

(13) Finally, there can be no dispute that the prosecution of Mr. Morgan and the issue of child abuse are matters of public concern. Any sanction imposed for publication of such matters cannot be sustained. *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 495, 95 S.Ct. 1029, 1046, 43 L.Ed.2d 328 (1975). The criminal complaint referred to Heather Morgan and detailed the allegations of abuse.

(14) The publication of the photograph of Diane Chambon and Heather Morgan, with their names, was not the publication of private facts of the kind that would be highly offensive to a reasonable person, under the circumstances. Moreover, the personal facts supplied by plaintiffs to the reporter that were inserted in the article of October 28 related to an issue of legitimate concern to the public. In short, we hold that the article of October 28, with the picture, names, and personal facts supplied by Diane Chambon do not satisfy the elements of the tort of invasion of privacy, as

set forth in *Vogel.* It matters not, in our judgment, that the information and photograph may have been obtained illegally, unethically or deceptively by the reporter. In short, we hold that plaintiffs have failed to establish a question of fact to be resolved by the jury with regard to this tort, as a matter of law. *See, Cape Publications, Inc. v. Hitchner,* 549 So.2d 1374 (Fla.1989).

■ (15) We also hold that the publication of these matters, on which plaintiffs rely to support the tort of invasion of privacy is constitutionally protected by the First Amendment and the holding of *The Florida Star v. B.J.F.*, 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1988). A damage award, based on state law, for publication of these matters of legitimate public concern would be an impermissible burden under the First Amendment and defendants are entitled to judgment as a matter of law.

■ (16) Plaintiffs' reliance on 42 Pa. C.S.A. § 5988 is also without merit. The state statute does not relate to news gatherers and, more importantly, the act does not establish a private cause of action on which either Jeremiah or Heather can rely.

(17) We find that plaintiffs have failed to establish the elements of the tort of invasion of privacy under state law. Viewing the evidence in the light most favorable to plaintiffs, we hold that the plaintiffs have failed to sustain their burden of proof, as a matter of law.

■ (18) Although the issue is not free of doubt, we will proceed on the assumption that the Supreme Court of Pennsylvania will adopt Section 46, of the Restatement of Torts, dealing with intentional infliction of emotional distress. We hold that the publication of the article of October 28 was not outrageous in character, or so extreme in degree, as to go beyond all possible bounds of decency in a civilized community. Viewing the evidence in the light most favorable to plaintiffs, we hold that plaintiffs have failed to establish sufficient facts to submit the tort of intentional infliction of emotional distress to the jury.

(19) We turn now to the question whether plaintiffs have presented sufficient evidence to permit the jury to decide the tort of intentional misrepresentation. Plaintiffs bear the burden of proving fraud by clear and convincing evidence. We hold that plaintiffs have failed to posit sufficient facts to submit the issue to the jury. The law provides that if judgment N.O.V. is required, the district court must enter a directed verdict. Stated another way, judgment is required when there is no legally sufficient evidentiary basis for the jury to make a finding.

(20) There is no evidence of record that any employee of the Valley News ever made any promise to Heather or Jeremiah. Absent a representation of some kind to the children, their claims for fraudulent misrepresentation must be dismissed, as a matter of law.

(21) Diane Chambon contends that Mark Celender made a promise to her to keep certain information confidential. According to plaintiff, that promise was breached when the confidential information appeared in the Valley News on October 28, with the picture identifying the plaintiff and her daughter. Assuming that a promise of confidentiality was made and breached, we hold that plaintiffs have failed to establish the elements of the tort of intentional misrepresentation, as a matter of law. A promise to do something in the future (such as keeping information confidential), which promise is not kept, is not fraud. *Krause v. Great Lakes Holdings, Inc.*, 387 Pa.Super. 56, 563 A.2d 1182, 1187 (1989); *Krause v. Penn Pocahontas*, 574 A.2d 70, 524 Pa. 629 (1990).

(22) *Cohen v. Cowles Media Co.*, —— U.S. ——, 111 S.Ct. 2513, 115 L.Ed.2d 586 (1991) is not to the contrary. There the Supreme Court of Minnesota held that the breach of a confidentiality agreement by a newspaper established a cause of action for promissory estoppel. The Supreme Court of the United States affirmed. It bears emphasizing, however, that the Minnesota Court of Appeals held that the breach of the agreement by the newspaper did not establish a cause of action for fraudulent misrepresentation. *Cohen v. Cowles Media Co.*, 445 N.W.2d 248, 260 (Minn.App. 1989). The Supreme Court of Minnesota affirmed. 457 N.W.2d 199 (Minn.1990).

(23) We also find that plaintiffs have failed to establish an actual pecuniary loss as required by Pennsylvania law to support a claim for fraud. *Tunis Bros. v. Ford Motor Co.*, 952 F.2d 715, 735 (3d Cir.1991).

(24) Judgment will be entered for defendants and against plaintiffs pursuant to Rule 50 of the Federal Rules of Civil Procedure in a written judgment order to follow.