Sandra L. LICKTEIG, Respondent,

v.

ALDERSON, ONDOV, LEONARD & SWEEN, P.A., et al., Petitioners, Appellants.

No. C3–95–1373.

Supreme Court of Minnesota.

Dec. 19, 1996.

Farrish, Johnson, & Maschka, Kenneth R. White, Mankato, for petitioners, appellants.

Arlo H. Vande Vegte, P.A., Arlo H. Vande Vegte, Long Lake, Dean Dovolas, P.A., Dean Dovolas, Minneapolis, for respondent.

## OPINION

GARDEBRING, Justice.

In this case we are asked to consider whether, in the context of a legal malpractice action, emotional distress damages are available where an arbitrator makes a finding of negligent representation. Because we determine that the court of appeals' affirmance of

the award is contrary to prior case law, we reverse.

The plaintiff in this case, respondent on appeal, was injured in an auto accident in 1980. Approximately one year after the accident, she retained the appellant law firm to represent her in an action against the other two drivers. In 1985, summary judgment was granted in favor of one of the alleged tortfeasors, based on the res judicata effect of a previous conciliation court judgment involving only the costs of a rental car after the accident. Appellants did not appeal, nor did they notify respondent of the judgment until the time for appeal had passed. Appellants then commenced an action against respondent's insurance carrier for uninsured motorist benefits, but withdrew as counsel several months before the trial date.

Respondent retained present counsel, settled the uninsured motorist claim and brought the present legal malpractice action against appellants, alleging negligence and breach of contract. The parties entered into a stipulation in which appellants admitted their negligence and the parties agreed to binding arbitration. The arbitration agreement reserved to the parties the right to seek district or appellate court review of the legal determinations of the arbitrator, but designated the arbitrator as the sole judge of all factual issues. After a four-day hearing,[1] the arbitrator awarded respondent $45,000 in general damages and $45,000 in emotional distress damages, finding that "[b]ecause of the negligent representation by the Defendants, Ms. Lickteig suffered compensable emotional distress and damage." On the issue of prejudgment interest, the arbitrator found that there was no evidence on which to base a decision, and so the issue was left "to

Counsel to resolve by agreement." The arbitrator did not make any finding as to costs.

Appellants sought a rehearing on the issue of emotional distress damages; respondent opposed the request but noted that the issues of prejudgment interest and costs still needed to be determined. The arbitrator agreed to schedule a hearing to "clean up the remaining issues," but in the meantime, appellants sought a district court order to confirm in part and modify in part the arbitrator's award. Respondent brought her own motion asking the district court to confirm the award and to remand to the arbitrator on the issues of interest and costs. The district court confirmed the damage award, including the amount for emotional distress damages, and denied the motion to remand for a determination on prejudgment interest and costs.[2]

On appeal, the court of appeals affirmed the award for emotional distress damages and ordered the issue of prejudgment interest and costs remanded to the arbitrator. The court of appeals referenced the trial court's conclusion that an admission of negligence was "also an admission to breach of the attorney-client relationship" and further decided that the alleged breach of contract created a fact issue as to the law firm's willful indifference to respondent's rights. On that fact question, the court apparently concluded that the arbitrator's conclusory language, "because of the negligent representation by the Defendants, Ms. Lickteig suffered compensable emotional distress and damage," was a sufficient finding to support the award of emotional distress damages. *Lickteig v. Alderson, Ondov, Leonard & Sween, P.A., et al.,* No. C3–95–1373, 1996 WL 720 (Minn.App. Jan.2, 1996).[3]

---

1. No transcript or recording was made of this hearing. Thus, the only indication of what issues were presented are the arbitration briefs submitted by the parties and the arbitrator's findings.

2. Each side argued that the other had not been timely in its motion, but the trial court agreed to consider the merits of all the motions.

3. Both the trial court and the court of appeals relied on an earlier court of appeals decision which, although unclear, appears to support an award of emotional distress damages in a legal

malpractice case based on a finding of only negligence. *Gillespie v. Klun,* 406 N.W.2d 547 (Minn. App.1987), *pet. for rev. denied* (Minn. July 9, 1987). The basis for the award of emotional distress damages in that case may be found in the jury's additional conclusion that the defendant law firm's actions were so willfully indifferent as to sustain the granting of punitive damages. However, to the extent that the case is read to authorize emotional distress damages in a legal malpractice action on the basis of negligence alone, it is simply wrong.

In most cases, the scope of our review of an arbitrator's award is extremely narrow. *State Office of State Auditor v. Minnesota Ass'n of Professional Employees,* 504 N.W.2d 751, 755 (Minn.1993). It is well settled that "an arbitrator, in the absence of an agreement limiting his authority, is the final judge of both law and fact * * *." *Id.* at 754 (quoting *Cournoyer v. Am. Television & Radio Co.,* 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957) (footnote omitted)). In the present case, there is a specific agreement limiting the arbitrator's authority: the parties retained the right to seek judicial review of questions of law, such as those presented here.

We first consider the issue of emotional distress damages. We have not been anxious to expand the availability of damages for emotional distress. *K.A.C. v. Benson,* 527 N.W.2d 553, 559 (Minn.1995); *Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 437–38 (Minn.1983). This reluctance has arisen from the concern that claims of mental anguish may be speculative and so likely to lead to fictitious allegations that there is a potential for abuse of the judicial process. *Hubbard,* 330 N.W.2d at 438. Thus, we have been careful to limit the availability of such damages to "those plaintiffs who prove that emotional injury occurred under circumstances tending to guarantee its genuineness." *Id.* at 437.

In tort cases, emotional distress may be an element of damages in only three circumstances. First, a plaintiff who suffers a physical injury as a result of another's negligence may recover for the accompanying mental anguish. *Langeland v. Farmers State Bank of Trimont,* 319 N.W.2d 26, 31 (Minn.1982). Second, a plaintiff may recover for negligent infliction of emotional distress when physical symptoms arise after and because of emotional distress, if the plaintiff was actually exposed to physical harm as a result of the negligence of another (the "zone-of-danger" rule). *K.A.C.,* 527 N.W.2d at 559; *Langeland,* 319 N.W.2d at 31; *Sta-*

*dler v. Cross,* 295 N.W.2d 552, 554 (Minn. 1980). Finally, a plaintiff may recover emotional distress damages when there has been a "direct invasion of the plaintiff's rights such as that constituting slander, libel, malicious prosecution, seduction, or other like willful, wanton, or malicious conduct." *State Farm Mut. Auto. Ins. Co. v. Village of Isle,* 265 Minn. 360, 368, 122 N.W.2d 36, 41 (1963). *See also, M.H. v. Caritas Family Services,* 488 N.W.2d 282, 290 (Minn.1992); *Hubbard,* 330 N.W.2d at 437–38; *Langeland,* 319 N.W.2d at 31–32.

We have also recognized the independent tort of intentional infliction of emotional distress. *Hubbard,* 330 N.W.2d at 438. This independent tort differs from the "willful conduct" category above in that it can stand alone as a separate action, whereas in the "willful conduct" category, emotional distress is only an element of the damages arising from an intentional tort that constitutes a direct violation of the plaintiff's rights, such as defamation.[4]

The respondent in this case did not suffer any physical injury; neither was she in any "zone of danger," nor is she alleging intentional infliction of emotional distress. Damages for emotional distress could be justified only had the appellants violated her rights by willful, wanton or malicious conduct. We note at the outset that respondent's complaint contained no allegations of willfulness or malice; it alleged only negligent representation and breach of contract. Respondent's arbitration brief and proposed findings were similarly framed in terms of negligence. In addition, the stipulation entered into by the parties prior to the arbitration hearing went only to the issue of appellants' negligence.

Appellants argue that, in the absence of any allegation of willful conduct, evidence of willful conduct, or finding of willful conduct by the arbitrator, emotional distress damages were wrongfully awarded in this legal malpractice action.

---

4. This latter category is often referred to as "parasitic" damages in that the emotional distress damages are "insufficient in themselves to make the slander actionable, but once the cause of action is made out without them, they be tacked on as 'parasitic' to it." *Richie v. Paramount Pictures Corp.,* 544 N.W.2d 21, 27 (Minn.1996) (quoting W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts,* Sec. 112, at 794–95 (5th ed. 1984)).

Despite the absence of an allegation or finding of willful conduct, respondent contends that willfulness was shown and found here. In particular, she argues that an arbitrator need not render an account or give reasons for his or her decision, *Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 239–40 (Minn.1982), and that in this case, it can be inferred from the arbitrator's finding that she suffered "compensable" emotional distress, that the arbitrator made the requisite finding of willfulness. Further, she points to allegations presented to the arbitrator in her arbitration brief which, she asserts, support a finding of willful conduct on the part of the appellants.[5]

■ Our analysis is complicated by the hybrid nature of claims for legal malpractice. To state a claim for legal malpractice, one must show that the "defendant acted negligently *or* in breach of contract." *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 692 (Minn.1980) (emphasis added); *Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 265 (Minn.1992). We have recognized that the two theories will frequently be interchangeable in legal malpractice cases. *Togstad*, 291 N.W.2d at 693.

■ However, the availability of emotional distress damages in contract actions has been even more restricted than for actions in tort. In general, extra-contractual damages, including those for emotional distress, are not recoverable for breach of contract except in those rare cases where the breach is accompanied by an independent tort. *Olson v. Rugloski*, 277 N.W.2d 385, 388 (Minn.1979); *Haagenson v. National Farmers Union Property and Cas. Co.*, 277 N.W.2d 648, 652 (Minn.1979); *Beaulieu v. Great Northern Ry. Co.*, 103 Minn. 47, 53, 114 N.W. 353, 355 (1907). The accompanying independent tort must be willful. *Olson*, 277 N.W.2d at 388. That is, it must support the extra-contractual damages in its own right as a tort. *See*

*Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 52–53 (Minn.1983). Thus, even a malicious or bad-faith motive in breaching a contract does not convert a contract action into a tort action sufficient to support an award of emotional distress damages, *Haagenson*, 277 N.W.2d at 652, or other extra-contractual damages, such as punitive damages, *Moore v. John E. Blomquist, Inc.*, 256 N.W.2d 518, 518 (Minn.1977); *Wild v. Rarig*, 302 Minn. 419, 440–42, 234 N.W.2d 775, 789–90 (1975), *cert. denied*, 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976).

■ Here, the breach of contract and tort claims are not independent: they are interchangeable. Appellants admitted negligence in the loss of respondent's claim against the other driver. From that, the trial court concluded, "An admission to negligence is also an admission to breach of the attorney-client relationship." Moreover, this will be the case in almost all legal malpractice cases. If we were to affirm the award of damages for emotional distress in this case, we would be sanctioning a similar award whenever a lawyer breached his or her contract with a client by negligently performing the promised legal services. This we are not willing to do.

■ Nor does the conduct giving rise to the purported breach of contract support an award of emotional distress damages *on its own*. The court of appeals seems to imply that a breach of the attorney-client contract is inherently willful. *See Lickteig*, No. C3–95–1373, slip op. at 4–5. It is simply not the case that professional malpractice and willful indifference to another's rights are always one and the same. *See Admiral Merchants*, 494 N.W.2d at 267–68. Moreover, a willful breach of contract, in and of itself, is not enough to justify an award of extra-contractual damages. *Haagenson*, 277 N.W.2d at 652; *Barr/Nelson*, 336 N.W.2d at 52–53; *Wild*, 302 Minn. at 440–42, 234 N.W.2d at 789–90. While cases may arise where an attorney acts so egregiously that emotional

---

**5.** The evidence respondent claims she presented to the arbitrator that would support a finding of willful conduct include evidence that appellants failed to advise respondent of the 1985 summary judgment order dismissing her claim against the other driver, until the time for appeal had passed; that appellants failed to advise respondent of their own negligence in losing the claim against the other driver on summary judgment; that appellants failed to investigate or take discovery on respondent's uninsured motorist claim; and that appellants chastised respondent for moving out of town and generally blamed her for events that were appellants' own fault.

distress damages may be appropriate, the creation of a per se rule for such damages in every legal malpractice case is not warranted, based on the longstanding limitation of such damages to those instances where there has been a willful violation of another's rights.

We therefore hold that, as in other negligence actions, emotional distress damages are available in limited circumstances. There must be a direct violation of the plaintiff's rights by willful, wanton or malicious conduct; mere negligence is not sufficient. Here, in the absence of an allegation or proof on these essential elements, the award of emotional distress damages was improper.

We turn next to the issue of costs and interest. The question presented is whether, after an arbitrator has issued an award that does not include costs or interest, a party is entitled to have the matter remanded to the arbitrator to determine those issues, when no evidence on either issue was presented at the initial hearing. The court of appeals ordered that the issues of costs and interest be remanded to the arbitrator.

The general policy of Minnesota is to encourage arbitration as a speedy, informal, and relatively inexpensive procedure for resolving controversies. *See Crosby–Ironton Federation of Teachers, Local 1325 v. Indep. School Dist. No. 182, Crosby–Ironton*, 285 N.W.2d 667, 669 (Minn.1979). Respondent had the opportunity to present her evidence on the issues of interest and costs at the arbitration hearing, and she failed to do so. It goes against the purpose of arbitration to allow her to further draw out the process by reopening the hearings to add more evidence, without some justification for its absence at the first hearing. We therefore reverse the court of appeals and hold that respondent is not entitled to an additional hearing before the arbitrator to determine costs and interest.

Reversed.

BLATZ, J., took no part in the consideration or decision of this case.