Katalin DELI, Respondent,

v.

**UNIVERSITY OF MINNESOTA,**
Appellant.

No. C9–97–1530.

Court of Appeals of Minnesota.

May 19, 1998.

Review Denied July 16, 1998.

---

Ronald I. Meshbesher, Meshbesher & Spence, Minneapolis, John H. Gilmore, St. Paul, and Michelle A. Chez, Wayzata, for respondent.

Mark B. Rotenberg, General Counsel, Lorie S. Gildea, Associate General Counsel, Office of General Counsel, University of Minnesota, Minneapolis, for appellant.

Considered and decided by HARTEN, P.J., and SHORT and AMUNDSON, JJ.

## OPINION

SHORT, Judge.

Katalin Deli seeks to hold the University of Minnesota liable for emotional distress damages arising from its athletic director's breach of an oral promise not to view a videotape that contained both the University's gymnastics team performance at a 1992 Florida competition and Deli's sexual encounter with her husband in a Florida hotel room. On appeal from an award in Deli's favor, the University argues its legal obligation and the doctrine of immunity preclude Deli's promissory estoppel claim. In the alternative, the University argues Deli cannot recover emotional distress damages on a contract-based claim and the trial court erred by submitting Deli's equitable claim to the jury.

## FACTS

Deli was head coach of the University of Minnesota women's gymnastics team from 1973 to 1992. Her husband worked as an assistant coach from 1976 to 1992. In January 1992, Deli and her husband videotaped the team's performance at a Florida competition using University equipment. During their Florida stay, Deli's husband also used the University's equipment to videotape the couple having sexual relations in their hotel room. On the airplane home, one student asked Deli's husband if she could borrow the videotape to review the team's performance. Deli's husband gave the student the videotape, which contained both the Florida competition and the Delis' hotel room encounter. Before Deli could recover the videotape, several students and another assistant coach had watched the tape. A parent of one of those students complained to the women's athletic director about the sexually explicit videotape.

The athletic director conducted an investigation. The Delis initially said the sex scenes were accidentally recorded while the camera's batteries were being charged. However, the athletic director discovered students were given a 1991 videotape from a competition at UCLA that also contained an earlier sexual encounter between the Delis. On March 3, 1992, the athletic director asked Deli for the Florida videotape, and orally promised that she would not view it. On March 12, the athletic director sent Deli and her husband confidential memoranda advising that failure to surrender the unaltered tapes of both the Florida and UCLA competitions by noon the following day would result in disciplinary action. On March 13, Deli surrendered only the Florida tape because her husband had erased the UCLA videotape. At the direction of the University's legal counsel, the director reviewed and took notes on the videotape's contents.

On April 12, 1993, the University discharged Deli for reasons unrelated to the Florida videotape. *Deli v. University of Minn.,* 511 N.W.2d 46, 53–54 (Minn.App. 1994), *review denied* (Minn. Mar. 23, 1994). Following an unsuccessful challenge to her termination, Deli filed this action against the University alleging violation of Minn.Stat. §§ 13.01–.99 (1996) (Data Practices Act), breach of contract, unjust enrichment, and promissory estoppel. The trial court granted summary judgment in the University's favor. We affirmed that judgment in part, but reversed and remanded on the data practices and promissory estoppel claims. *Deli v. Hasselmo,* 542 N.W.2d 649, 658 (Minn.App. 1996), *review denied* (Minn. Apr. 26, 1996). Before trial, the court again granted summary judgment on the data practices claim. The jury returned a special verdict in favor of Deli on her promissory estoppel claim. Concluding that injustice could only be avoided through enforcement of the director's promise, the trial court awarded Deli $675,000 in damages for emotional distress suffered to the time of trial.

## ISSUE

Absent the existence of an independent tort claim, are emotional distress damages recoverable in Deli's promissory estoppel action?

## ANALYSIS

While we afford due regard to a trial court's opportunity to judge witness credibility, we do not defer to a trial court's decision on purely legal issues. *See* Minn. R. Civ. P. 52.01 (mandating reviewing court afford due regard to trial court's credibility determinations); *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984) (holding appellate court need not give deference to trial court's legal determinations). We are asked to determine whether emotional distress damages are appropriate under the "special circumstances" of Deli's promissory estoppel claim.

Promissory estoppel implies a contract in law where no contract exists in fact. *Del Hayes & Sons, Inc. v. Mitchell,* 304 Minn. 275, 283, 230 N.W.2d 588, 593 (1975). Under the doctrine of promissory estoppel, a promise may be enforced when (1) it is clear and definite, (2) the promissor intended to induce the promisee to rely on the promise, (3) the promisee detrimentally relied on the promise, and (4) enforcement of the promise is required to prevent an injustice. *See Cohen v. Cowles Media Co.,* 479 N.W.2d 387, 391 (Minn.1992) (providing elements of prom-

issory estoppel). Thus, a promissory estoppel claim sounds in contract. *See Cohen,* 479 N.W.2d at 390 (concluding promissory estoppel variation of contract theory); *Grouse v. Group Health Plan, Inc.,* 306 N.W.2d 114, 116 (Minn.1981) (concluding promissory estoppel is principle of contract law); *see generally* Comment, *Once More Into the Breach: Promissory Estoppel and Traditional Damage Doctrine,* 37 U. Chi. L.Rev. 559, 562–63 (1970) (noting it is clear from systematics of Restatement and its legislative history that promises enforceable under § 90 entitled to whatever remedy prescribed for breach of contract); *see, e.g., Pine Valley Meats, Inc. v. Canal Capital Corp.,* 566 N.W.2d 357, 363–64 (Minn.App.1997) (applying contractual damages limitation to promissory estoppel claim), *review denied* (Minn. Sept. 18, 1997).

In the absence of specific statutory provisions, extra-contractual damages, such as emotional distress, are not recoverable for breach of contract except in exceptional cases where the breach is accompanied by an independent tort. *Lickteig v. Alderson, Ondov, Leonard & Sween, P.A.,* 556 N.W.2d 557, 561 (Minn.1996); *Haagenson v. National Farmers Union Property & Cas. Co.,* 277 N.W.2d 648, 652 (Minn.1979); *Olson v. Rugloski,* 277 N.W.2d 385, 388 (Minn.1979); *Wild v. Rarig,* 302 Minn. 419, 440, 234 N.W.2d 775, 789 (1975); *see* William Lloyd Prosser, *The Borderland of Tort and Contract, in Selected Topics On the Law of Torts* 380, 426 (1953) (noting in contract actions, there is no recovery for mental suffering). The accompanying independent tort must be willful and support the extra-contractual damages in its own right. *Lickteig,* 556 N.W.2d at 561. A malicious motive in breaking a contract will not convert a contract action into a tort action. *Id.; see Wild,* 302 Minn. at 442, 234 N.W.2d at 790 (concluding bad faith breach of contract does not become tort).

Extra-contractual damages, such as emotional distress, are limited to those instances in which the breach is accompanied by an independent tort to insure that contract law is not swallowed by tort law. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.,* 572 N.W.2d 321, 324 (Minn.App.1997) (holding economic loss doctrine preserves boundary between tort and contract law); *cf.* Grant Gilmore, *The Death of Contract* 87–103 (1974) (arguing approaching point where there will be no viable distinction between liability in contract or tort). The preservation of a boundary between contract and tort law is necessary to protect the specific interests and expectations each embodies. *See Restatement (Second) Contracts* § 1 (1979) (defining contract as promise or set of promises for breach of which law gives remedy, or performance of which law in some way recognizes as duty); W. Page Keeton, et al., *Prosser and Keeton on The Law of Torts* §§ 1–2, at 6–7 (5th ed.1984) (noting common thread of tort law is unreasonable interference with interests of others and its primary purpose is to compensate injured party for damages suffered at expense of wrongdoer); *see also Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 227, 765 P.2d 373, 389 (1988) (holding distinction between tort and contract well grounded in common law, and divergent objectives underlie remedies created in two areas); *see, e.g.,* William Powers, Jr., *Border Wars,* 72 Tex. L.Rev. 1209, 1209–10 n. 3 (1994) (explaining advantages for plaintiffs who attempt to import tort principles into commercial litigation); Prosser, *supra,* at 425–26 (explaining tort remedy often more advantageous to injured party because it will permit greater recovery).

Deli argues promissory estoppel is not "a contract by another name" and the "special circumstances" of her promissory estoppel claim warrant an award of emotional distress damages. *See Cohen,* 479 N.W.2d at 392 (concluding plaintiff in promissory estoppel action entitled to recover damages that arise directly and naturally in course of breach or are consequences of special circumstances known to or reasonably contemplated by parties when contract made); *see also Walser v. Toyota Motor Sales, U.S.A., Inc.,* 43 F.3d 396, 401–02 (8th Cir.1994) (concluding Minnesota courts treat damages decision under Restatement (Second) § 90 as being within discretion of district court). While the inherently personal nature of the images on the videotape make this case unusual, the gravamen of Deli's promissory estoppel claim sounds in contract. *See Cohen,* 479 N.W.2d at 390 (awarding same damages on promissory estoppel claim as available to

plaintiff in breach of contract action); *see generally* Susan M. Gilles, *Promises Betrayed: Breach of Confidence as a Remedy for Invasions of Privacy*, 43 Buff. L.Rev. 1, 38 n. 160 (1995) (citing *Cohen* to support proposition that damages under promissory estoppel claim are same damages available in contract action); *cf. McNeill & Assocs., Inc. v. ITT Life Ins. Corp.*, 446 N.W.2d 181, 187 (Minn.App.1989) (refusing to permit recovery for emotional distress where damages caused by tort are same damages caused by breach of contract), *review denied* (Minn. Dec. 1, 1989).

Because promissory estoppel is a contract-based claim, to recover emotional distress damages, Deli was required to plead and prove the existence of an independent tort. Despite protracted litigation in this case, Deli has never alleged the existence of an independent tort. Furthermore, on the facts of this case, the only "tort" sufficient to compensate Deli for "mental distress from having been exposed to public view" is essentially an invasion of privacy tort. *See Time, Inc. v. Hill*, 385 U.S. 374, 384–85 n. 9, 87 S.Ct. 534, 540–41 n. 9, 17 L.Ed.2d 456 (1967) (concluding in right to privacy case, primary damage is mental distress from having been exposed to public view); *Morgan by Chambon v. Celender*, 780 F.Supp. 307, 309–10 (W.D.Pa.1992) (examining elements of judicially created invasion of privacy tort); *Sabrina W. v. Willman*, 4 Neb.App. 149, 540 N.W.2d 364, 368–70 (1995) (examining Nebraska's statutory cause of action for invasion of privacy tort). Because Minnesota does not recognize a statutory or judicially created cause of action for invasion of privacy, to allow Deli to recover for emotional distress would permit her to accomplish in contract that which she is barred from accomplishing in tort. *See Richie v. Paramount Pictures Corp.*, 544 N.W.2d 21, 28 (Minn.1996) (concluding Minnesota has never recognized cause of action for invasion of privacy); *see also Stubbs v. North Mem'l Med. Ctr.*, 448 N.W.2d 78, 81 (Minn.App. 1989) (concluding not function of court to establish new cause of action for invasion of privacy), *review denied* (Minn. Jan. 12, 1990). We decline to subvert the law of contract to fashion an exception to fit the unusual facts of this case. *See generally* Daniel A. Farber & John H. Matheson, *Beyond Promissory Estoppel: Contract Law and the "Invisible Handshake*,*"* 52 U. Chi. L.Rev. 903, 905 (1985) (concluding expansion of promissory estoppel not proof that contract in process of being swallowed by tort, but rather that promissory estoppel being transformed into new theory of distinctly contractual relationships); *cf.* Mark Gergen, *A Cautionary Tale About Contractual Good Faith in Texas*, 72 Tex. L.Rev. 1235, 1236 (1994) (concluding extension of tort of bad faith breach into contract cases to award emotional damages for breach is doctrinally unsound and bad policy).

■ Even assuming emotional distress damages were appropriate in this case, Deli failed to offer any medical testimony regarding her alleged emotional distress. *See Lickteig*, 556 N.W.2d at 560 (holding court reluctant to expand availability of emotional distress damages because concerned such claims may be speculative and so likely to lead to fictitious allegations that there is potential for abuse of judicial process); *Garvis v. Employers Mut. Cas. Co.*, 497 N.W.2d 254, 257 n. 3 (Minn.1993) (concluding emotional distress is highly subjective, often transient, and easily alleged); *see, e.g., Born v. Medico Life Ins. Co.*, 428 N.W.2d 585, 590 (Minn.App.1988) (holding lack of any medical testimony to substantiate plaintiff's claim of physical manifestations and physical distress precluded finding of intentional infliction of emotional distress), *review denied* (Minn. Nov. 16, 1988). Deli argues the testimony of four witnesses sufficiently substantiates her distress and, alternatively, the facts of this case logically support her claims for mental anguish. However, the testimony provided by Deli to support her emotional distress claim consisted solely of her own testimony regarding her mental state and the testimony of three colleagues who based their conclusions on phone calls and personal observations. In the absence of any medical testimony, such testimony fails to provide the "guarantees of trustworthiness" necessary to overcome the speculative nature of this claim because we cannot be certain of the extent of her distress and can only speculate as to its source. *See Lickteig*, 556 N.W.2d at 559–60 (concluding, even where plaintiff establishes tortious conduct, court

careful to award emotional distress damages to plaintiffs who prove emotional injury under circumstances tending to guarantee its genuineness); *see, e.g., Potthoff v. Jefferson Lines, Inc.,* 363 N.W.2d 771, 777 (Minn.App. 1985) (concluding plaintiff's own testimony of mental state insufficient to establish emotional distress damages absent evidence plaintiff saw physician or psychologist for treatment of emotional problems). Because we conclude Deli failed to prove compensable contract damages, we need not address the University's·alternative grounds for reversal.

### DECISION

The trial court erred in awarding emotional distress damages on Deli's contract-based claim because Deli failed to allege or prove the existence of an independent tort.

**Reversed.**