*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1085**

Mavco, Inc. d/b/a Maverick Construction Company,
Appellant,

vs.

American Family Mutual Insurance Company,
Respondent.

**Filed March 9, 2015
Affirmed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CV-12-23280

Mark J. Kallenbach, Minneapolis, Minnesota (for appellant)

Kirsten J. Hansen, Jesse C. Beier, Stich, Angell, Kreidler, Dodge & Unke, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Larkin, Judge.

## UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant construction company challenges summary judgment in favor of respondent insurer, arguing that the district court erred by ruling that its breach-of-contract, promissory-estoppel, and unjust-enrichment claims fail as a matter of law. We affirm.

FACTS

In May 2008, a hail storm caused damage to three multi-family housing developments governed by homeowners' associations. The losses were covered by group casualty insurance policies issued to the associations by respondent American Family Mutual Insurance Company. The insurance policies provided American Family with the option of paying the value of lost or damaged property or paying for repairs.

Each association entered into a contract with appellant Mavco, Inc. to repair the storm damage, and although Mavco disputed American Family's adjustment of the losses, it made the repairs. American Family made a series of payments to the associations, which included 6% overhead and profit for Mavco. The associations in turn paid Mavco. Mavco submitted estimates to American Family for supplemental work and an additional 14% overhead and profit.[1] American Family rejected some of the requests for additional payments, claiming that the costs were either not covered by the policy, were included in the 6% overhead and profit already paid, or were for unapproved costs.

The associations filed lawsuits against American Family, alleging breach-of-contract, unjust-enrichment, and promissory-estoppel claims. *E.g., Alpine Meadows Townhome Ass'n v. Am. Fam. Mut. Ins. Co*., No. A11-1328, 2012 WL 1070107, at *1 (Minn. App. Apr. 2, 2012). Mavco was not a party to that litigation, and the complaint did not mention Mavco. *Id.* In preparation for trial, counsel for American Family deposed the president of the Alpine Meadows Townhome Association's board of

---

[1] Mavco asserts that the industry standard is 10% overhead plus 10% profit.

directors as well as Bryan Reitzner (Mavco's president) and Brian Schwab (Mavco's estimator and salesperson).

The association board president testified that she "had no idea" that Alpine Meadows was the plaintiff in the lawsuit, that she had not seen the complaint, and that she was surprised that Mavco was not the plaintiff.[2] *Id.* She also testified that all of the money paid by American Family to Alpine Meadows had been paid to Mavco, that American Family owed nothing to Alpine Meadows, and that Alpine Meadows had not suffered any damages, rather "it is [Mavco] that is owed the money." *Id.* The district court granted summary judgment to American Family. Alpine Meadows appealed, and we affirmed, concluding that

> Alpine Meadows' contract claim is based on an allegation that American Family breached the insurance policy by failing to pay [Mavco] an amount of money that [Mavco] asserts it is owed for completing the repairs. Although Alpine Meadows claims that American Family breached the policy, Alpine Meadows did not allege that American Family denied any part of its insurance claim and did not cite any policy provision that American Family breached. The alleged breach concerns American Family's failure to pay [Mavco], but nothing in the record establishes that American Family entered into a contract with [Mavco] or that Alpine Meadows assigned its rights under the policy to [Mavco]. Thus, Alpine Meadows has not presented facts sufficient to support its claim that American Family breached the insurance contract.

---

[2] Reitzner testified that he had helped draft Alpine Meadows's complaint and that there was a written agreement between Alpine Meadows and Mavco in which Alpine Meadows agreed to pay to Mavco anything it recovered in the lawsuit, but he was unable to identify or produce the agreement. *Alpine Meadows*, 2012 WL 1070107, at *1. Reitzner also testified that Mavco agreed not to pursue any claim against Alpine Meadows and confirmed that Alpine Meadows had "never assigned [him] any of their insured rights." *Id.* (alteration in original).

3

*Id*. at *2.  We also affirmed summary judgment to American Family with respect to the association's unjust-enrichment and promissory-estoppel claims.  *Id*. at *3.

After we released our decision in the *Alpine Meadows* case, all three associations dismissed their lawsuits against American Family.  Shortly thereafter, Mavco served its complaint on American Family.  The parties do not appear to have undertaken any new discovery in the present litigation.  American Family promptly moved for summary judgment.  Mavco responded that there were genuine issues of material fact based on deposition testimony in the *Alpine Meadows* case,[3] showing that American Family had agreed to pay Mavco and that American Family controlled the work and a January 28, 2013 affidavit that averred generally that American Family had agreed to pay Mavco for supplemental work and 20% for overhead and profit.

In April 2013, the district court granted partial summary judgment to American Family, ruling that Mavco's contract claim failed due to lack of standing and lack of contract formation, its unjust-enrichment claim failed because American Family did not receive anything of value from Mavco, and that detrimental reliance was not a separate cause of action.  The district court denied American Family's motion with respect to Mavco's promissory-estoppel claim, ruling that there were fact questions about whether the promises allegedly made by American Family with respect to overhead and profit and supplemental work were clear and definite and whether American Family intended to induce reliance.

---

[3]  An American Family adjuster testified that American Family never agreed to pay 20% overhead and profit in these claims, that American Family doesn't pay 20% on commercial claims, and that a different adjuster had negotiated 6% in this case.

4

In early 2014, American Family filed a second summary-judgment motion, attaching transcript excerpts from the 2011 Reitzner and Schwab depositions in which one or both acknowledged that American Family never agreed to pay 20% overhead and profit, that there was never an agreement on the total price of the project, and that American Family never specifically authorized the supplemental work. In response, Mavco submitted new affidavits by Reitzner and Schwab. The district court determined that the assertions in the March 2014 Reitzner affidavit "are contrary to the deposition testimony of both Schwab and Reitzner" and that the affidavit was "prepared for the purpose of defeating the summary judgment motion." Citing the "sham affidavit" doctrine, the district court ruled that the affidavit did not create a genuine issue of material fact.

The district court ruled that "Mavco's promissory estoppel claim fails for lack of a clear and definite promise," and that the alleged promises "need not be enforced to prevent injustice because Mavco has an adequate remedy at law by suing the Associations for breach of contract and/or unjust enrichment." Mavco now appeals the district court's grant of summary judgment on its contract, promissory-estoppel, and unjust-enrichment claims.

## DECISION

A district court's grant of summary judgment is reviewed de novo. *Savela v. City of Duluth*, 806 N.W.2d 793, 796 (Minn. 2011). On review, appellate courts "determine whether genuine issues of material fact exist, and whether the district court correctly applied the law." *Id.* We view the record in the light most favorable to the party against

5

whom summary judgment was granted, recognizing that summary judgment is a "blunt instrument" and is improper when reasonable persons may draw different conclusions from the evidence. *Osborne v. Twin Town Bowl, Inc.*, 749 N.W.2d 367, 371 (Minn. 2008) (quotations omitted). Nevertheless,

> there is no genuine issue of material fact for trial when the nonmoving party presents evidence which merely creates a metaphysical doubt as to a factual issue and which is not sufficiently probative with respect to an essential element of the nonmoving party's case to permit reasonable persons to draw different conclusions.

*DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). "A self-serving affidavit that contradicts other testimony is not sufficient to create a genuine issue of material fact." *Risdall v. Brown-Wilbert, Inc.*, 759 N.W.2d 67, 72 (Minn. App. 2009), *review denied* (Minn. Mar. 17, 2009).

## I.

The district court granted summary judgment to American Family on Mavco's contract claim on two grounds—because Mavco lacks standing as a third party to the insurance contract and for lack of contract formation. With respect to standing, the district court ruled that under Minnesota law, Mavco cannot maintain a direct action for breach of contract against American Family in the absence of a judgment against its insured. Mavco does not expressly challenge this ruling on appeal.

"[I]n Minnesota, it is a longstanding common-law rule that courts will not allow third parties to maintain a direct action against an insurer until the third party has a judgment against the insured." *Camacho v. Todd & Leiser Homes*, 706 N.W.2d 49, 56

6

(Minn. 2005). It is undisputed that Mavco has not pursued any claims against the associations, nor have the associations assigned their rights under the policies to Mavco. We therefore conclude that the district court properly determined that Mavco lacks standing to sue American Family for breach of contract and granted summary judgment to American Family on this claim. Because of our resolution of the standing question, we need not reach Mavco's contract-formation argument.

## II.

"Promissory estoppel implies a contract in law where no contract exists in fact." *Deli v. Univ. of Minn.*, 578 N.W.2d 779, 781 (Minn. App. 1998), *review denied* (Minn. July 16, 1998). The elements of a promissory-estoppel claim are (1) a clear and definite promise was made; (2) the promisor intended to induce reliance by the promise, and the promisee relied to the promisee's detriment; and (3) the promise must be enforced to prevent injustice. *Olson v. Synergistic Techs. Bus. Sys., Inc.*, 628 N.W.2d 142, 152 (Minn. 2001).

Mavco argues on appeal that American Family "authorized" Mavco to perform the work, made a "clear and definite promise to pay Mavco for restoring its insureds' storm damaged buildings," and "gave the 'go ahead' to do the work," but fails to identify evidence in the record to support these claims beyond the March 2014 affidavits. The March 2014 affidavits declare that "American Family . . . instructed Mavco to complete the work, keep track of what work was done, and bill for the same," "Mavco's agreement with American Family was that Mavco would be paid . . . '10 and 10,'" "American Family breached its promise to Mavco by refusing to pay 10 and 10," and "American

7

Family adjuster, [K.H.], informed me that American Family would pay for overhead and profit."

But in 2011, Reitzner testified that "[n]obody ever told us" that American Family would pay 10% overhead and 10% profit. Reitzner also stated that (1) "10 and 10" was standard in the industry, (2) an American Family adjuster told him American Family would pay "3 and 3" and that Mavco continued to do work on the project after that, (3) certain items were missing from American Family's adjustment of the claim and that he asked Schwab to write up general estimates of missing items, and (4) Schwab was Mavco's primary contact with American Family. Schwab testified that (1) there was never an agreement between Mavco and American Family as to the total price of the project, (2) American Family adjusters told him to keep track of and document any supplemental work, (3) "the insurance company doesn't really authorize to say go ahead and start the work," and (4) American Family never told Mavco *not* to do the supplemental work.

Excluding the Reitzner affidavit, which the district court found was a "sham affidavit" prepared for the purpose of defeating summary judgment,[4] the district court determined that viewing the evidence in the light most favorable to Mavco, there was no clear and definite promise to pay Mavco for supplemental work or 20% overhead and profit. The district court found that "[t]he failure to object to the 10% term included in

---

[4] Although the district court did not expressly find that the Schwab affidavit was a sham affidavit, it noted skepticism of the belated identification of the adjuster who purportedly promised "that American Family would pay for overhead and profit when the work was completed."

8

Mavco's estimates does not constitute a clear and definite promise to pay it. Similarly, the evidence of industry standard . . . does not prove that they promised to pay 10% in this matter."

We conclude that the district court properly applied the sham-affidavit doctrine for purposes of the summary-judgment motion because the Reitzner affidavit contradicts the earlier deposition testimony of Reitzner and Schwab. *See Risdall*, 759 N.W.2d at 72 (stating that an affidavit contradicting prior testimony is insufficient to create a genuine issue of material fact). We also conclude that the district court properly granted summary judgment to American Family on Mavco's promissory-estoppel claim. Viewed in the light most favorable to Mavco and excluding the affidavits that contradict earlier deposition testimony, there is no genuine issue of material fact and American Family is entitled to judgment in its favor. And as the district court observed, "there is no need to find an implied contract because two contracts govern the relationships and obligations in this matter."

**III.**

Unjust enrichment is an equitable doctrine. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012). The standard of review of a district court's grant of summary judgment on an unjust-enrichment claim can be de novo or abuse of discretion. *Id*. at 837-38. "[W]hen the relevant facts are undisputed the standard of review is de novo, but a more deferential abuse of discretion standard of review might be applicable where the district court, after balancing the equities, determines not to award equitable relief." *Id*. at 838.

9

To establish a claim for unjust enrichment, Mavco must show that American Family knowingly received something of value for which it "in equity and good conscience should pay." *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (quotation omitted). An action for unjust enrichment does not lie simply because one party benefits from the efforts of others, rather "it must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully." *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502, 504 (Minn. 1981).

The district court found that American Family "did not receive something of value from Mavco." Mavco argues on appeal that "American Family's refusal to pay for Mavco's work which satisfies a contractual obligation that it owed to its insureds unjustly enriches American Family." But American Family *did* satisfy its contractual obligations to its insureds. *Alpine Meadows*, 2012 WL 1070107, at *3 (affirming grant of summary judgment to American Family because homeowners' association had neither presented facts sufficient to support breach-of-insurance-contract claim nor established any damages). And the associations received the benefit of Mavco's work, which was governed by written contracts between Mavco and the associations. Because American Family received nothing of value from Mavco, we conclude that the district court properly granted summary judgment to American Family.

**Affirmed.**

10